## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **BARRY LAMAR THOMPSON,** | ) |
| | ) |
| **Movant/Defendant,** | ) |
| | ) **Case Numbers:** |
| **vs.** | ) **5:17-cv-8007-CLS** |
| | ) **5:11-cr-0016-CLS-JHE** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

## MEMORANDUM OPINION AND ORDER

This action is before the court on the motion to vacate, set aside, or correct sentence, filed by Barry Lamar Thompson.[1]  Thompson originally was sentenced by this court on May 25, 2012, to 220 months' imprisonment following his plea of guilty to one count of conspiracy to distribute and possession with the intent to distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and one count of possession with the intent to distribute five (5) grams or more of a mixture and substance containing a detectable amount of a cocaine base, in violation of 21

---

[1] *See* doc. no. 1, in case no. 5:17-cv-8007-CLS.

U.S.C. §§ 841(a)(1) and 841(b)(1)(B).[2]  The original sentence was reduced to 160 months on October 18, 2017, due to a lowering of the applicable sentencing range.[3]

Thompson did not appeal his sentence.  Instead, on May 29, 2013, he filed a motion to vacate, correct, or set aside the sentence pursuant to 28 U.S.C. § 2255.[4]  He contended that his attorney deprived him of his Sixth Amendment right to effective assistance of counsel by failing to investigate whether his prior convictions were predicates to an enhanced sentence under the United States Sentencing Guidelines.[5]  The magistrate judge to whom the motion was referred recommended that the motion be denied because Thompson had not demonstrated any prejudice arising from his attorney's allegedly deficient performance.[6]  Thompson did not file an objection to the magistrate judge's report and recommendation, and this court entered a memorandum opinion and order on July 17, 2015, adopting the report and

---

[2] Doc. no. 12 (Judgment), in case no. 5:11-cr-00016-CLS-JHE.  The 220-month sentence was for each count, separately, but the two sentences were to run concurrently.  The 220-month sentence also was to run concurrently with 12 months of a 14-month sentence imposed upon revocation of probation in case no. 5:03-cr-00298-LSC-HGD.  *See* doc. no. 12 (Judgment), in case no. 5:11-cr-00016-CLS-JE; *see also* doc. no. 57 (Judgment), in case no. 5:03-cr-00298-LSC-HGD.

[3] Doc. no. 30 (Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)), in case no. 5:11-cr-00016-CLS-JHE.

[4] Doc. no. 14, in case no. 5:11-cr-00016-CLS-JHE; doc. no. 1, in case no. 5:13-cv-8018-CLS-JHE.

[5] *See* doc. no. 1, in case no. 5:13-cv-8018-CLS-JHE, at 1.

[6] Doc. no. 8 (Report and Recommendation), in case no. 5:13-cv-8018-CLS-JHE.

recommendation, and ordering that Thompson's motion to vacate, set aside, or correct sentence be dismissed with prejudice.[7]

The motion currently under consideration was filed on March 13, 2017, and was styled "Motion to Vacate, Correct, or Set Aside the Petitioner's Sentence Pursuant to 28 U.S.C. § 2241."[8] In that motion, Thompson contends that his sentence is in violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights because he did not receive fair notice of the enhancement penalty that was imposed, because his attorney did not provide adequate legal representation, and because the court considered inaccurate information in deciding the sentence.[9] He also asserts that the enhancement to his sentence was not applied in a timely manner, and that the enhancement was incorrect in light of the Supreme Court's intervening decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and the Fifth Circuit's intervening decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).[10] He asks that his sentence be reduced to a term of ten years, or 120 months.[11]

---

[7] *See* doc. nos. 9 (Memorandum Opinion) and 10 (Final Order), in case no. 5:13-cv-8018-CLS-JHE.

[8] Doc. no. 1, in case no. 5:17-cv-8007-CLS; doc. no. 16, in case no. 5:11-cr-0016-CLS-JHE.

[9] *See* doc. no. 1, in case no. 5:17-cv-8007-CLS, at 3-5.

[10] *See id.* at 6-10.

[11] *Id.* at 11.

Thompson labeled his motion as falling under 28 U.S.C. § 2241, the *habeas corpus* statute, which generally governs challenges to the *execution* of a prisoner's sentence, instead of 28 U.S.C. § 2255, which generally governs collateral review of a federal court's *imposition* of sentence. The only means for challenging the validity of a sentence under § 2241 is pursuant to the so-called "saving clause" of § 2255, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis supplied). In other words, a prisoner seeking to challenge the imposition of his sentence must file under § 2255, unless he can demonstrate that § 2255 will provide an inadequate remedy.

The Eleventh Circuit recently restrictively interpreted the saving clause to mean that "[a] motion to vacate [pursuant to § 2255] is inadequate or ineffective to test the legality of a prisoner's detention only when it *cannot* remedy a particular kind of claim." *McCarthan v. Director of Goodwill Industries-Suncoast, Inc*., 851 F.3d 1076, 1099 (11th Cir.) (alterations and emphasis supplied), *cert. denied sub nom. McCarthan v. Collins*, 138 S. Ct. 502 (2017). Here, Thompson's claims of Fifth,

Sixth, Eighth, and Fourteenth Amendment violations are the types of claims that *can* be addressed in a § 2255 motion. It is irrelevant whether the motion ultimately will fail or succeed under applicable Circuit precedent. *Id.* ("Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek *certiorari* in the Supreme Court."). It also is irrelevant whether the applicable case law has changed since Thompson's first § 2255 motion was denied. *Id.* at 1085 ("[A] change in caselaw does not trigger relief under the saving clause.") (alteration supplied).

For the foregoing reasons, Thompson's motion does not fall under the saving clause of 28 U.S.C. § 2255(e). It must be considered as a motion to vacate, set aside, or correct his sentence pursuant to § 2255, *not* as a petition for *habeas corpus* pursuant to § 2241.

Before filing a second or successive motion pursuant to 28 U.S.C. § 2255, a prisoner must first seek an authorizing order from the applicable court of appeals — here, the Eleventh Circuit. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); 28 U.S.C. § 2244. That requirement is jurisdictional in nature. *See, e.g., Burton v. Stewart,* 549 U.S. 147, 153 (2007). Here, even though this is

Thompson's second § 2255 motion, he did not seek prior authorization from the Eleventh Circuit. Accordingly, this court lacks jurisdiction to consider the motion.

In accordance with the foregoing, it is ORDERED that Thompson's motion to vacate, set aside, or correct sentence is DENIED, without prejudice, for lack of jurisdiction. Further, to the extent that Thompson's motion is subject to a requirement that he obtain a certificate of appealability in order to perfect an appeal, the court concludes that the motion does not present issues that are reasonably debatable among reasonable jurists, so a certificate of appealability also is DENIED. *See* U.S.C. § 2253(c); *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000); *Williams v. Chatman,* 510 F.3d 1290, 1294-95 (11th Cir. 2007) (holding that, where a district court lacks subject matter jurisdiction to hear a claim that is in substance a second or successive § 2254 application, the court lacks jurisdiction to grant a certificate of appealability).

DONE and ORDERED this 16th day of July, 2018.

United States District Judge

6